Wilde J.
delivered the opinion of the Court. Several points made in this case were fully considered and determined at a former term, in the case of Ward and another against the present defendants. I shall therefore, in delivering the opinion of the Court, notice those points only which distinguish this case from the former.
And first, the defendants contend that this suit is barred by a judgment recovered by the Lewises in an action at law founded on the same cause of action set out in the bill. The plaintiffs admit, in their bill, that their action at law was founded on the same note, but not on the same cause of action. On the contrary, they aver that the judgment in the action at law was rendered solely on the ground fhar the plaintiffs’ right of action had not then accrued, for want vf notice prior to the commencement of the action. And this averment is not denied in the answers. And the rule is, that if any matter is charged by the bill which may avoid a bar to the action, it must be denied particularly and precisely in the answer. The fact however has not been denied in the argument, and it is sufficiently proved, if proof be necessary, by-the report of the former action.
We are therefore to consider, whether the facts charged in the bill are sufficient to avoid the bar. And we think they are. The general rule is laid down in Ferrer's case, 6 Co. 7 ; *122 “ when one is barred in any action &c. by judgment &c., he is barred as to that, or the like action, of the like nature, for the same thing forever.” When, however, the real merits of an action have not been inquired into in a former suit, issue may be taken on the fact, the judgment being pleaded in bar. Hitchin v. Campbell, 2 W. Bl. S27. And when issue is thus taken on the fact, evidence is admissible to prove what passed at the former trial. Seddon v. Tutop, 6 T. R. 607.[1] And of course, when the fact is admitted by demurrer or otherwise, the bar must fail. It is clear, therefore, we think, that as the merits of the present suit were necessarily excluded in the former action, because no cause of action had then accrued, the judgment in that action is no bar, either at law or in equity.
We think it also equally clear, that the plaintiffs have no adequate remedy at law. It is true they might recover judgment against their debtors. But a judgment against insolvent debtors, without satisfaction, cannot be considered an adequate remedy, nor indeed any remedy. If therefore the plaintiffs are interested in the trust fund, as they claim to be, it cannot be doubted that their proper remedy is in equity.
And the principal question is, whether the. plaintiffs have any interest in the trust fund.
It has been argued that they have not, because they never became parties to the assignment, and did not, within a reasonable time after the assignment was made, signify to the trustees that they assented to the provision made for them by their debtors, and intended to claim the benefit of it. It was decided in the case of Ward, that it was not necessary for the preferred creditors to become parties to the deed of assignment made for their benefit. The trust was created by Wir;slow and Henry Lewis, and the trustees, by becoming parties to the deed and accepting the trust, were bound in equity to execute it on the application of any of these creditors ; and the trustees were bound to retain funds in their hands for that purpose, and not to pay other creditors unless there should be an overplus after paying the preferred creditors, or unless these *123 ireditors, or some of .them, should refuse to accept the provision made for them, or should waive the benefit by some act equivalent to a refusal.[1] 2This case therefore depends altogether on the question, whether the plaintiffs have refused the provision made for their benefit in the deed of trust, and if not, whether sufficient facts appear to amount to a waiver.
Austin, in his answer, states, that soon after he had signed the trust deed, Dorr, then president of the New England bank, called on him and requested him to exhibit the deed of trust, which was done, and that it was read by him, and that he was thereupon requested by Austin to sign and execute the same in behalf of the bank, which he declined to do. And this, it is contended, being an answer to an interrogatory in the bill, must be taken to be true unless disproved, and that no evidence to disprove it has been offered in the hearing of the case. We do not find in the bill any particular interrogatory touching this part of the answer. There is the general interrogatory touching all the matters and things alleged in the bill; and it is averred in the bill, that the plaintiffs, after the assignment in trust to Townsend and Austin, did give them notice that they were desirous of availing themselves of the trusts in their favor, and that they were ready and desirous to execute the trust deed, if they ought by the terms of it so to do ; but the matter relied on by the defendants is not the proper answer to this averment in the bill; nor does it purport to be. An answer to an interrogatory must be positive and direct, and not argumentative. Now it might be true, that the president of the bank did, on one day, decline to sign and execute the trust deed, either because he might suppose it not necessary for the preferred creditors to become parties to the deed, or because he might not think himself authorized to execute the deed without consulting the other directors, and taking counsel touching the matter ; and the next day, after being *124 better advised, he might have offered to execute the deed as averred in the bill. The question for the defendants t-answer was, whether the plaintiffs did offer to execute the trust deed ; and a simple affirmative or negative would have been the proper answer. But if the defendants saw fit to go further, as they had the right to do, and aver additional matter on which they rely in their defence, they must prove the additional matter, it being traversed by the general replication. The result therefore is, that if the plaintiffs would avail themselves of the averment in the bill, that they offered to execute the trust deed, they must be held to prove it; and so on the other hand, if the defendants rely on the averment in the answer of Austin, that the president of the bank did actually refuse to execute the trust deed in the behalf of the company, they must prove the fact. Now we think there is no satisfactory proof of either averment; certainly none to prove the averment in Austin’s answer, and the presumption from the evidence is pretty strong the other way; for if it were true, as averred by Austin, that soon after the trustees signed the trust deed, the plaintiffs, by their president, did disaffirm the trust in their favor, and did refuse to become a party to the deed, it would be difficult to account for the fact testified to by one witness, that so late as May, between four and five months after the execution of the deed, Austin acknowledged that the plaintiffs’ debt was to be paid in preference to certain other debts. So Haskell testifies, that Austin, and also Winslow and Henry Lewis, did frequently state to him, that the debts enumerated in the schedule, to the amount of 54,653 dollars 54 cents, which included the debt now claimed, were to be paid in full from the proceeds of the property assigned. And that this sum was always deducted, when computations were made for the purpose of ascertaining the amount which would remain for other creditors.
But it has been argued, that the plaintiffs, by electing to proceed in their action at law after the provision made for them in the trust deed, have virtually waived that provision, which it is said was made for the purpose of relieving the goods from the- attachment made in that action. It is not however made a condition of the trust, that the nlaindffs should discon *125 nnue their suit, nor does it appear that the defendants in that suit either expected or wished it to be done. They insisted on their defence to the action, and eventually prevailed. Under these circumstances the plaintiffs had a right to proceed to trial, with the view of saving themselves from costs. If they had prevailed in their action, and had then elected to rely on the attachment rather than on the provision made for them in the deed of trust, this undoubtedly would have amounted to a waiver and disaffirmance of the trust. But merely prosecuting the action to final judgment cannot, we think, have any tendency to show a waiver of the trust.[1]
We are, therefore, of opinion, that there is no sufficient evidence in the case to show that the plaintiffs have refused 01 waived the trust in their favor, and that they, therefore, have a good right in equity to claim the benefit of that trust; and that the trustees are bound to execute the trust, and to pay the plaintiffs’ demand out of the proceeds of the sale of the assigned property and effects, it appearing that this fund is more than sufficient to pay all the preferred creditors.
This may operate hardly upon Austin, if he has incautiously paid away the trust fund to other creditors without taking an indemnity. But he must certainly be answerable for any misappropriation of the trust fund, and if he has no indemnity, the loss must fall upon him, unless he can recover back the money paid to the other creditors as money paid by mistake, or can procure indemnity from the Lewises. It is sufficient for the plaintiffs to show, that the trust fund in the hands of Austin was fully equal to the amount of the claims of the preferred creditors, and this appears by the account stated and annexed to the answer.

 See 1 Stark, on Evid. (5th Am. ed.) 222, 223; Parker v. Thompson, 3 Pick. 428; Standish v. Parker, 2 Pick. (2d edit.) 22, notes; Wood v. Jackson 8 Wendell. 44

 See Buffum v. Green, 5 N. Hamp. R. 71 ; Hempstead v. Starr, 3 Day, 348; Marlborough Manuf Co, v. Smith, 2 Connect. R. 579; Brown v. Minturn, 2 Gallison, 557; De Forest v. Bacon, 2 Connect. R. 633; Cunningham v. Freeborn, 1 Edwards’s Ch. R. 256; S. C, 11 Wendell, 240; Russell v. Woodward, 10 Pick. 415; Brewer v. Pitkin, 11 Pick. 298; Copeland v. Weld, 8 Greenleaf, 411; Bradford v, Tappan, 11 Pick. 76

 See Coverdale v. Wilder, 17 Pick. 178.